UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES BOVIENZO, M.D. | : | |
| | : | |
| VS. | : | CIVIL NO. |
| | : | |
| ST. VINCENT'S MEDICAL CENTER | : | DECEMBER 28, 2009 |

## C O M P L A I N T

    1. This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60, *et seq.*, to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States and the State of Connecticut. The defendant discriminated against the plaintiff in employment on the grounds of his sex, subjected the plaintiff to a hostile working environment and sexual harassment because of his sex, and retaliated against him for complaining about and opposing such unlawful conduct.

    2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Section 2000e of Title 42 of the United States Code.

    3. During all times mentioned in this action, the plaintiff was, and still is, a

47-year-old unmarried male citizen of the United States residing in the State of Connecticut.

4.  During all times mentioned in this action, the defendant was and is a Connecticut nonstock corporation operating a hospital and medical care facility at 2800 Main Street in Bridgeport, Connecticut.  It is and at all relevant times was an employer within the meaning of the aforesaid statutes and at all relevant times employed more than one hundred individuals.

5.  The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned.

6.  During all times mentioned herein, the plaintiff was employed by the defendant as an emergency room physician.

7.  Beginning in late 2007, the plaintiff was the subject of sexual harassment by a co-worker, Mrs. Radka Alexander, a female emergency room nurse.  She made many unsolicited and unwanted sexual overtures to the plaintiff at work, via telephone, and via email.  Among other things, she stated on several occasions that she "want[ed] to fuck" the plaintiff and attempted to kiss him at work.  The plaintiff did nothing to encourage such behavior.

8.  The plaintiff reported the said sexual harassment to his immediate supervisor, Morton Salomon, M.D., on February 1, 2008.  Dr. Salomon passed the complaints on to Ms. Walicia McNeil of the defendant's Human Resources

Department, who did not meet with the plaintiff until March 3, 2008.

9.  Nurse Alexander's husband, Jason Alexander, learned from his wife that she considered herself "in love with" the plaintiff and that she wanted to have sex with the plaintiff.  Enraged, and blaming the plaintiff for his wife's obsession, he telephoned the plaintiff at the emergency room on January 25, 2008, and falsely accused him of having an affair with Radka.  The plaintiff denied having any unprofessional contact with her, but one hour later Jason Alexander called the plaintiff back and threatened to "kick [his] ass" when he got off work.  The plaintiff immediately reported these facts to Dr. Salomon and requested a security escort to his car that evening.

10.  Despite the foregoing, the defendant did absolutely nothing to protect the plaintiff or to discipline Nurse Alexander for her improper conduct.

11.  At his much-delayed meeting with Walicia McNeil on March 3, 2008, the plaintiff asked the defendant, through her, to exercise its authority to schedule Nurse Alexander to work only at times and locations where she would not have contact with the plaintiff.  Although Ms. McNeil on behalf of the defendant agreed to do so, that promise was broken just five days later when, on March 8, 2008, Nurse Alexander again was scheduled to work with the plaintiff for his entire shift.

12.  Walicia McNeil refused to conduct a proper investigation of the

3

plaintiff's complaints, refused to meet with witnesses whose names had been provided by the plaintiff, and falsely stated to the plaintiff that he was "equally to blame" and that there was "inappropriate behavior on both sides" amounting only to "friendly flirtation."

13. Dr. Salomon stated to the plaintiff that Jason Alexander's threats were "warranted given what he now knows."

14. The refusal of the defendant to take any action to stop the harassment and threats directed against the plaintiff, to protect him from the unwarranted and unlawful behavior of Nurse Alexander and her husband, and its refusal to discipline her for her conduct, left the plaintiff with no alternative but to resign from his position, which he did by letter dated April 29, 2008, announcing that his last shift would be the overnight on June 8, 2008.  He stated explicitly in his said letter of resignation letter that the reason for the resignation was the sexual harassment by Nurse Alexander and the defendant's refusal to take appropriate remedial action.

15. In response to the plaintiff's letter of resignation, the defendant through Dr. Salomon informed the plaintiff that his last day of work would not be June 8 but instead would be May 16, 2008, and further stated that the plaintiff "would never work in the State of Connecticut again."  Thereafter, for a period of three to four months, the defendant refused to provide verification of the

plaintiff's employment to one or more prospective employers that requested it.

16.  The defendant has attempted to conceal evidence of the sexual harassment to which the plaintiff was subjected, and of its refusal to take appropriate remedial action, by refusing to permit any witnesses to such wrongdoing to be interviewed by the Connecticut Commission on Human Rights and Opportunities despite its request for access to such witnesses, and by its refusal despite request to permit the Connecticut Commission on Human Rights and Opportunities to have access to any of its records concerning this matter.

17.  In the manner described above, the defendant has subjected the plaintiff to a hostile working environment because of his sex, to sexual harassment and discrimination because of his sex, and to retaliation for complaining about the aforesaid unlawful conduct, all in violation of the federal and state statutes enumerated above.

18.  The conduct of the defendant described above was extreme and outrageous and was carried out in full knowledge that it would cause the plaintiff to suffer emotional distress.

19.  As a result, the plaintiff has suffered economic losses, severe emotional distress, inconvenience, fear and humiliation.

WHEREFORE, the plaintiff claims judgment against the defendant as follows:

A. Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

B. Punitive damages in an amount this court shall consider to be just, reasonable and fair;

C. Attorney fees and the costs of this action;

D. Such other relief as this court shall consider to be fair and equitable.

THE PLAINTIFF

BY:_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203-562-9931
Fax: 203-776-9494
jrw@johnrwilliams.com
His Attorney